IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| GUS PETER GRAMMAS | § |
| | § |
| VS. | §   CIVIL ACTION NO. G-05-543 |
| | § |
| STATE OF TEXAS | § |

**REPORT AND RECOMMENDATION**

On October 11, 2005, Petitioner, Gus Peter Grammas, filed his "Writ of Error Coram Nobis." On February 27, 2006, following Grammas' payment of the appropriate filing fee, this Court ordered the filing of a response to the Writ. Unfortunately, this Court utilized its customary form Order and referred to Grammas' Writ as one for habeas corpus. On March 29, 2006, Dretke filed his "Motion to Dismiss for Lack of Jurisdiction." Having now considered Grammas' Writ, Dretke's Motion, and Grammas' reply, the Court submits this Report and Recommendation to the District Court.

In his Motion, Dretke, in a footnote, simply attempts to convert Grammas' Writ to one of habeas corpus since "the common law Writ of Coram Nobis has been abolished" by Rule 60((b) of the Federal Rules of Civil Procedure. However, the United States Supreme Court in 1954, rejected this argument in United States v. Morgan, 346 U.S. 502, 505 n.4 (1954) (Rule 60(b) abolition of Writ of Coram Nobis does not apply to Writs of Coram Nobis filed in a criminal case.) See also United States v. Esoqbue, 357 F.3d 532 (5th Cir. 2004) (Recognizing the continued existence of the Writ of Coram Nobis in criminal cases)    In Peterson v. Missouri, 355 F.Supp. 1371, 1377 (W.D. Mo. 1973), the District Court held that where a federal prisoner had exhausted his state remedies in an attempt to overturn state criminal convictions which were used as a basis

to enhance his punishment in a subsequent federal criminal prosecution, a federal District Court had jurisdiction under 28 U.S.C. § 1651 to entertain a petition for relief in the nature of a Writ of Error Coram Nobis. This Court expresses no opinion on the merits of Grammas' Writ, but Respondent's Motion to convert it under Rule 60(b) into a habeas petition and dismiss it for lack of jurisdiction is without merit.

It is, therefore, the **RECOMMENDATION** of this Court that the Respondent's "Motion to Dismiss for Lack of Jurisdiction" (Instrument no. 11) be **DENIED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **May 26, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____8th____ day of May, 2006.

_____
John R. Froeschner
United States Magistrate Judge